UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSEPH LAMONT DAVIS, JR.,

Plaintiff,

v.                                                              Case No. 24-CV-1419

PHILLIS THOMAS, et al.,

Defendants.

## DECISION AND ORDER

Plaintiff Joseph Lamont Davis, Jr., who is representing himself, is proceeding on a First Amendment claim in connection with allegations that Defendants Phillis Thomas and Frenchie Williams failed to send two pieces of mail to the district court between July 2024 and September 2024. ECF Nos. 8, 9, 10, & 18. On February 11, 2026, Defendants filed a motion for judgment on the pleadings. ECF No. 28. They argued that two isolated incidents of the interference with mail over the course of three months did not state a First Amendment claim. *Id*. Under the Civil Local Rules, Plaintiff's response materials were initially due March 4, 2026. *See* Civ. L. R. 7(b) (E.D. Wis.). The Court then extended the deadline to respond three times. ECF Nos. 33, 35, & 37. The most recent deadline to respond was June 15, 2026 and the Court warned Plaintiff that no further extensions of time would be granted. ECF No. 33. Plaintiff still did not timely respond.

The Court has also independently reviewed the Amended Complaint, *see* ECF No. 9, and it agrees that two isolated incidents of the interference with mail over the course of three months does not state a First Amendment claim. *See e.g., Guajardo-Palma v. Martinson*, 622 F.3d 801, 805 (7th Cir. 2010) (explaining that isolated incidents of the interference with mail does not violate

the First Amendment because "its effect on prisoners' access to justice is likely to be nil."). This is particularly true when Plaintiff also has not alleged any "actual injury" through loss of a non-frivolous legal claim or defense. *See Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). Moreover, the "[f]ailure to comply with the briefing requirements in Civil L. R. 7(a)-(b) may result in sanctions up to and including the Court denying or granting the motion." *See* Civ. L. R. 7(d). Therefore, the Court will grant Defendants' motion for judgment on the pleadings on the merits and as a sanction for non-compliance with the civil local rules.

**IT IS THEREFORE ORDERED** that Defendants' motion for judgment on the pleadings (ECF No. 28) is **GRANTED**; and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 30th day of June, 2026.

STEPHEN C. DRIES
United States Magistrate Judge

2